OPINION — AG — (1) 11 O.S. 1979 Supp. 23-101, ET SEQ., [11-23-103], DOES NOT REQUIRE A CITY ATTORNEY TO DEFEND A TOWN BOARD MEMBER CHARGED WITH A CRIMINAL VIOLATION OF THE OPEN MEETING LAW. (2) TOWN BOARDS, WHEN CONDUCTING A SPECIAL MEETING, ARE LIMITED TO CONSIDERING AND ACTING UPON THOSE ITEMS ON THE POSTED AGENDA. (CITY ATTORNEYS, OPEN MEETING ACT) CITE: 11 O.S. 1979 Supp. 23-102, [11-23-102]., 23 O.S. 1979 Supp., 311 [23-311], 11 O.S. 1979 Supp. 23-101, [11-23-101], (JERRY C. BLACKBURN) ** SEE: OPINION NO. 96-101 (1997) ** FILENAME: m0010045 Representative Stratton Taylor Attorney General of Oklahoma — Opinion February 18, 1981 The Attorney General is in receipt of your request for an opinion where you ask, in effect, the following questions: 1. Is a city attorney required by statute to defend a town board member charged with a criminal violation of the Open Meeting Law? 2. May a town board, conducting a special meeting, consider and act upon items not on its posted agenda? The statutory authority for municipalities to provide legal counsel for defense of their employees is found at 11 O.S. 23-101 [11-23-101] (1979). This section provides in part: "A. In the event an action is brought against a municipal employee in any civil action or special proceedings in the course of this state or of the United States by reason of any act done or omitted in good faith in the course of employment, it is the duty of the governing body of the municipality to direct the municipal attorney or other legal counsel designated and employed by the governing body to appear and defend the action or proceedings in the employee's behalf in accordance with Section 23-102 of this title. The municipal governing body shall not designate a legal officer to represent a municipal employee if that employee did not perform a statutorily required duty, and such duty is a basis of the civil action or special proceeding." This statute does not provide for the city attorney to represent municipal employees in a criminal case. Rather, it limits a city attorney to representing municipal employees (which by definition includes board members) only in civil matters or special proceedings. As to your second question, special meetings of public bodies such as town boards are provided for by 23 O.S. 311 [23-311] (1979). Paragraph 11 of that section provides: "Special meetings of public bodies shall not be held without public notice being given at least forty-eight (48) hours prior to said meetings. Such public notice of date, time and place shall be given in writing, in person or by telephonic means to the Secretary of State or to the county clerk or to the municipal clerk by public bodies in the manner set forth in paragraphs 2, 3, 4, 5 and 6 of this section. In addition, all public bodies shall, at least twenty-four (24) hours prior to such special meetings, display public notice of said meeting, setting forth thereon the date, time, place and agenda for said meeting. Only matters appearing on the posted agenda may be considered at said special meeting. Such public notice shall be posted in prominent public view at the principal office of the public body or at the location of said meeting if no office exists. Twenty-four (24) hours prior public posting shall exclude Saturdays and Sundays and holidays legally declared by the State of Oklahoma." (Emphasis added) Thus, special meetings are strictly limited to their posted agendas. Therefore, it is the official opinion of the Attorney General that: 1. Title 11 O.S. 23-101 [11-23-101] (1979) et seq., does not require a city attorney to defend a town board member charged with a criminal violation of the Open Meeting Law. 2. Town boards, when conducting a special meeting, are limited to considering and acting upon those items on the posted agenda. (Jerry C. Blackburn)